## BIG FOUR WILMINGTON COAL CO.

*v.*

### STATE OF ILLINOIS.

*Opinion filed March 8, 1923.*

FRANCHISE TAX—*mistake of fact. When refund will be made.* Where a corporation reduces its capital stock and files a certificate of such reduction in the office of the Secretary of State, and in the office of the recorder of deeds of the proper county, and afterwards through a mistake pays its franchise tax upon its original capitalization, it is entitled to a refund of the amount of the tax over-paid.

Edward J. Brundage, Attorney General, for State.

The declaration in this case shows that the Big Four Wilmington Coal Company is a corporation organized under and by virtue of the laws of the State of Illinois; that it was incorporated for the sum of $650,000 consisting of 6,500 shares of par value of $100.00 each; that for a number of years prior to the 1st day of March, 1922, it had not carried on any active business, but was engaged in liquidating its assets and that on the 1st day of March, 1922, such assets did not exceed in value $13,000; that at a meeting of the stockholders of said corporation held on March 6th, 1922, the capital stock of said corporation was reduced from $650,000.00 to $13,000.00, consisting of 130 shares of the par value of $100.00 each; that the certificate of such reduction of said capital stock was duly filed in the office of the Secretary of State of Illinois and also in the office of the Recorder of Deeds of Cook County, Illinois, on the 24th day of May, 1922; that thereupon all shares of stock issued by your claimant were surrendered to the Secretary of this claimant and in lieu thereof shares of stock were issued to the stockholders in proportion of the original capitalization of said company to said reduced capital stock; that a franchise tax was paid for the year beginning July 1, 1922, amounting to the sum of $325.00.

It is further shown by said claimant that this amount was paid by said corporation to the Secretary of State through a mistake and that the amount that should have been paid was $10.00, thus making a total of $315.00 due the claimant from the State of Illinois.

Contained in the claimant's declaration is a copy of a letter from the Secretary of State of Illinois to said claimant, stating that the claimant appears to have paid to the State of Illinois $315.00 more franchise tax than was due from it and advising said claimant to file its bill with the Court of Claims for said amount.

The Attorney General of this State filed a statement setting forth, substantially, the above facts, interposing no objections to the payment of this claim and consenting to an award.

We believe that the sum of $315.00 was paid by a mutual mistake of facts and that as a matter of law the claimant should be reimbursed.

We therefore award said claimant the sum of $315.00 without interest.